UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                    Case No.: 8:12-bk-14765-KRM

GASLIGHT SQUARE, INC.

    Debtor.

_____/

**AMENDED ORDER GRANTING
DEBTOR'S MOTION TO USE CASH COLLATERAL**

This case came on for hearing on   October 4, 2012 , to consider the motion by debtor-in-possession (the "Debtor") to use cash collateral (Doc. No. 6). For the reasons stated in Court, it is

ORDERED:

1.      The motion is granted.

2.      <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the US Trustee for quarterly fees; (b) the current and Necessary expenses set forth in the budget attached as Exhibit A, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Wells Fargo Bank, N.A. (the "Secured Creditor"). This authorization will continue until further order of the Court. Except as authorized in this order, the Debtor is prohibited from use of cash collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be deemed to be unauthorized use of cash collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure. Expenditures in excess of the line items in the budget

or not on the budget may, nonetheless, give rise to remedies in favor of the Secured Creditor.

<u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court. Debtor will provide $19,500.00 per month to Secured Creditor for adequate protection. The first payment is due on October 10, 2012, and on the 10th day of each month thereafter.

3.    <u>Access to Records and Premises</u>. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of Debtor, Debtor shall grant to the Secured Creditor access to Debtor's business records and premises for inspection.

4.    <u>Replacement Lien</u>. Each creditor with a security interest in cash collateral shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

5.    <u>Insurance</u>. Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with the Secured Creditor.

6.    <u>Without Prejudice</u>. This order is without prejudice to: (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to the Secured Creditor.

7.    <u>Creditors Committee</u>. The provisions of this Order are without prejudice to the rights of the US Trustee to appoint a committee or any rights of a duly appointed committee to challenge the validity, priority or extent of any lien(s) asserted against cash collateral.

9.    <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this

Order.

10.    <u>Continued Hearing</u>.  November 15, 2012 at 10:30 a.m.

DONE and ORDERED on _____November 29, 2012_____.

_____
K. Rodney May
United States Bankruptcy Judge

Debtor, Debtor's Attorney, and U.S. Trustee

Jake C. Blanchard, Esq., Fowler White Boggs, P.A., PO Box 1438, Tampa, FL 33601
The Local Bankruptcy Rule 1007-2 Parties in Interest Matrix